DANIEL G. BOGDEN
United States Attorney
ERIC JOHNSON
Chief, Organized Crime Strike Force
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Room 5037
Las Vegas, Nevada 89101
(702) 388-6336/Fax: (702) 388- 6418



# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
## -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| Plaintiff, | ) 2:12-cr-0401-GMN-PAL |
| vs | ) **PLEA MEMORANDUM** |
| JACKTRADE, LLC., | ) |
| Defendant. | ) |

The United States, by and through Daniel G. Bogden, United States Attorney, Eric Johnson, Chief, Organized Crime Strike Force, and defendant Jacktrade, LLC., and defendant corporation's attorney, Richard Wright, Esq., submit this plea memorandum.

### I.
### PLEA AGREEMENT

The United States and defendant corporation have reached the following plea agreement, which, if accepted, is binding on the court, pursuant to Federal Rule of Criminal Procedure 11(C)(1)(c):

**A.   The Plea**

Defendant corporation will plead guilty to Count One of an Information. Count One charges defendant corporation with a violation of Title 18, United States Code, Section 1084, Interstate Transmission of Wagering Information.

B. **Additional Charges**

The United States Attorney's Office for the District of Nevada ("United States") will bring no additional charge or charges against defendant corporation arising out of the investigation of the charge contained in the Information herein.

C. **Sentencing Guideline Calculations**

1. Defendant corporation understands that the court is required to consider United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant corporation's sentence. Defendant corporation understands that the Sentencing Guidelines are advisory, and that after considering the Sentencing Guidelines, the court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime of conviction.

2. The parties agree that under the Sentencing Guidelines defendant corporation's base offense level is 12. (USSG § 2E3.1(a)(1)).

3. Pursuant to USSG §3E1.1(a), the United States will recommend that defendant corporation receive a two-level adjustment for acceptance of responsibility unless defendant corporation (a) fails to make a complete factual basis for the guilty plea at the time it is entered; (b) is untruthful with the Court or probation officers; (c) denies involvement in the offense or provides conflicting statements regarding defendant corporation's involvement; (d) attempts to withdraw the guilty plea; (e) engages in criminal conduct; or (f) fails to appear in court.

4. Defendant corporation agrees that the court may consider all other relevant conduct whether charged or uncharged, in determining the applicable sentencing guidelines range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors.

5. Defendant corporation's Culpability Score will be determined by the Court (USSG § 8C2.5).

D. **Other Sentencing Matters**

1. In view of defendant corporation's agreement by separate settlement agreement to the civil forfeiture of certain assets seized during the course of the investigation, the United States agrees that it will recommend a sentence at the low end of the guideline range as determined by the Court.

2. The parties agree that the Guideline calculations are based on information now known and could change upon investigation by the United States Probation Office. It is possible that factors unknown or unforeseen by the parties to the plea agreement may be considered in determining the offense level, specific offense characteristics, and other related factors. In that event, defendant corporation will not withdraw defendant corporation's plea of guilty.

3. The stipulations in this agreement do not bind either the United States Probation Office or the court. Both defendant corporation and the United States are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the court, and (b) correct any and all factual misstatements relating to the calculation of the sentence.

E. **Fines and Special Assessment**

1. The parties agree that no fine should be imposed in the instant case in view of the defendant corporation's separate settlement agreements to forfeit over $2,000,000.

2. Defendant corporation will pay the special assessment of $100 per count of conviction at the time of sentencing, for a total of $100.

F. **Restitution**

Defendant corporation agrees to make full restitution in an amount to be determined by the Court, which defendant corporation agrees shall include all relevant conduct as determined by the Court. In return for defendant corporation agreeing to make restitution for relevant conduct, the United States agrees not to bring charges against defendant corporation for the conduct giving rise to the relevant conduct. Defendant corporation understands that any restitution imposed by the Court may not be discharged in whole or in part in any present or future bankruptcy proceeding. While the

defendant corporation is responsible by statute for any restitution, the parties agree that no restitution is due and owing to any potential victim of the defendant's charged criminal conduct.

### G.  Waiver of Appeal

1. In exchange for the concessions made by the United States in this plea agreement, defendant corporation knowingly and expressly waives: 1) the right to appeal any sentence that is imposed within or below the applicable Sentencing Guideline range as determined by the Court; 2) the right to appeal the manner in which that sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742; 3) the right to appeal any other aspect of the conviction or sentence, including any order of restitution; and 4) the right to bring any collateral attack against its conviction or sentence, except for a claim of ineffective assistance of counsel. Defendant corporation reserves only the right to appeal any portion of the sentence that is an upward departure or higher than the sentencing guideline range based on the offense level predicted by the parties in section C above and the defendant corporation's culpability score as determined by the court.

2. Notwithstanding the stipulations in this agreement, the parties are free to argue on appeal and collateral review that the court's sentencing guidelines calculations are not error. However, each party agrees to maintain its view that the calculation in paragraph C are consistent with the facts of this case.

### H.  Additional Promises, Agreements, and Conditions

1. In exchange for the United States entering into this agreement, defendant corporation agrees that (a) the facts set forth in Section IV of this Plea Agreement shall be admissible against defendant corporation under Fed. R. Evidence. 801(d)(2)(A) in the following circumstances: (1) for any purpose at sentencing; and (2) in any subsequent proceeding, including a trial in the event defendant corporation does not plead guilty or withdraws defendant corporation's guilty plea, to impeach or rebut any evidence, argument or representation offered by or on defendant corporation's behalf; and (b) defendant corporation expressly waives any and all rights under Fed. R. Criminal P.

11(f) and Fed. R. Evid. 410 with regard to the facts set forth in Section IV of the Plea Agreement to the extent set forth above.

2. The parties agree that no promises, agreements, and conditions have been entered into other than those set forth in this plea memorandum, and not will be entered into unless in writing and signed by all parties.

## I. Limitations

This Plea Agreement is limited to the United States Attorney's Office for the District of Nevada and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authority. However, this Plea Memorandum does not prohibit the United States through any agency thereof, the United States Attorney's office for the District of Nevada, or any third party from initiating or prosecuting any civil proceeding directly or indirectly involving defendant corporation, including but not limited to, proceedings under the False Claims Act relating to potential civil monetary liability or by the Internal Revenue Service relating to potential tax liability.

## J. Forfeiture

1. By separate settlement agreements defendant corporation knowingly and voluntarily agrees to the civil judicial forfeiture of certain property seized during the course of the investigation and agrees to waive any claim in any property forfeited by Youbet.com, IRG, Louis Tavano, James Scott and Richard Tavano.

2. Defendant corporation knowingly and voluntarily agrees to the entry of an Order of Forfeiture of the property to the United States.

3. Defendant corporation knowingly and voluntarily agrees and understands the civil judicial forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, or any other penalty this Court may impose upon the defendant corporation in addition to the forfeiture.

## II.

## PENALTY

1. The maximum penalty for a defendant corporation for a violation of Title 18, United States Code, Section 1084 is a fine of not more than $500,000.

2. The Court may order that defendant corporation serve a sentence of probation for a term of at least one year, but not more than five years (USSG §§ 8D1.1 and 8D1.2). Probation is a period of time following imprisonment during which defendant corporation will be subject to various restrictions and requirements.

3. Defendant corporation must pay a special assessment at the time of sentencing of $100 for its one count of conviction.

4. Defendant corporation is required to pay for the costs of probation, unless defendant corporation establishes that defendant corporation does not have the ability to pay such costs, in which case the court may impose an alternative sanction.

## III.

## ELEMENTS

The essential elements for the crime of *Interstate Communication of Wagering Information*, in violation of Title 18, United States Code, Section 1084 are the following:

1. Defendant was engaged in the business of betting or wagering; and
2. As part of that business, defendant knowingly used a wire communication facility to transmit in interstate commerce bets or wagers or information assisting in the placing of bets or wagers, on any sporting event or contest.

## IV.

## FACTS THAT SUPPORT GUILTY PLEA

1. The Defendant corporation is pleading guilty because the Defendant corporation is guilty of the charged offense.

2. In pleading to the offense, the defendant corporation acknowledges that if the defendant corporation elected to go to trial instead of entering this plea, the United States could prove facts sufficient to establish the defendant corporation's guilt beyond a reasonable doubt.

3. The defendant corporation specifically admits and declares under penalty of perjury that all of the facts set forth below are true and correct:

4. At all times relevant to this indictment, Jacktrade, LLC, ("Jacktrade") was a limited liability corporation. Jacktrade prior to June 2005 owned International Racing Group Services, Inc. ("IRG"), an offshore race book allegedly located on the Island of Curacao, Netherlands Antilles. Jacktrade sold IRG Services, Inc., to YouBet.Com, Inc., in 2005. Although the Stock Purchase Agreement was executed in June 2005, payment for the IRG stock was to continue over the three subsequent years into 2008. Further, those payments and the net price paid for the stock depended, in part, on IRG's performance and "handle" over those successive years until 2008. In order to maximize the return on the sale of IRG stock, Jacktrade had a vested interest insuring that IRG's handle on bets placed was consistent with the target handle provided in its contract with YouBet.Com. In order to meet the target handle, from on or about March 1, 2007 to October 4, 2007, constituents of Jacktrade with authority to act on behalf of the corporation, and whose acts were attributable to the corporation, caused a bettor in Nevada to place a bet through IRG by an interstate and foreign telephone call to Curacao, in violation of Title 18, United States Code, Section 1084, and Nevada Revised Statutes, Section 465.092.

V.

**ACKNOWLEDGMENT**

1. Defendant corporation, acknowledges by defendant corporation's signature below that defendant corporation has read this Memorandum of Plea Agreement, that defendant corporation understands the terms and conditions, and the factual basis set forth herein, that defendant corporation has discussed these matters with defendant corporation's attorney, and that the matters set forth in this memorandum, including the facts set forth in Part IV above are true and correct.

2. Defendant corporation acknowledges that defendant corporation has been advised, and understands, that by entering a plea of guilty defendant corporation is waiving, that is, giving up, certain rights guaranteed to defendant corporation by law and by the Constitution of the United States. Specifically, defendant corporation is giving up:

    a. The right to proceed to trial by jury on the original charges, or to a trial by a judge if defendant corporation and the United States both agree;

    b. The right to confront the witnesses against defendant corporation at such a trial, and to cross-examine them;

    c. The right to remain silent at such trial, with such silence not to be used against Defendant corporation in any way;

    d. The right, should defendant corporation so choose, to testify in defendant corporation's own behalf at such a trial;

    e. The right to compel witnesses to appear at such a trial and to testify in defendant corporation's behalf; and

    f. The right to have the assistance of an attorney at all stages of such proceedings.

3. Defendant corporation, defendant corporation's attorney, and the attorney for the United States acknowledge that this Plea Memorandum contains the entire agreement negotiated

. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .

and agreed to by and between the parties, and that no other promise has been made or implied by either defendant corporation, defendant corporation's attorney, or the attorney for the United States.

DANIEL G. BOGDEN
United States Attorney

DATED 10-24-12

ERIC JOHNSON
Chief, Organized Crime Strike Force

DATED 2/29/12

JACKTRADE, LLC., Defendant Corporation
By LOUIS TAVANO, President of Jacktrade, LLC

DATED 2/28/12

RICHARD WRIGHT, Esq.
Counsel for Defendant corporation